# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM LIVERNOIS, | CASE NO. 18cv1326 JM(JMA) |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO VOLUNTARILY DISMISS ACTION |
| v. | |
| NATIONAL SHIP AND SHIPBUILDING COMPANY, | |
| Defendant. | |

Pursuant to Fed.R.Civ.P. 41(a)(2), Plaintiff moves for a court order to voluntarily dismiss the action without prejudice. National Ship and Shipbuilding Company ("NASSCO") opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to voluntarily dismiss the action without prejudice.

## BACKGROUND

The Present Action

On June 19, 2018, Plaintiff commenced this diversity action by alleging four claims for relief: negligence, breach of express and implied warranties, strict liability, and premises owner/contractor liability. Plaintiff, diagnosed with mesothelioma, seeks compensation as a result of his exposure to asbestos during the course of his service in the United States Navy aboard multiple ships between 1957 and 1978. (Compl. Exh. A).

Plaintiff alleges that NASSCO, over the years, "manufactured, modified, failed to retrofit, serviced and/or repaired asbestos-containing ships and vessels." (Compl. ¶13). Plaintiff attributes his disease to exposure to asbestos fibers. (Compl. ¶21).

<u>The First Filed State Court Action</u>

On May 4, 2018, Plaintiff brought an asbestos personal injury action in Alameda County Superior Court against 80 defendants, including NASSCO, alleging the same claims as asserted herein. On June 4, 2018, NASSCO informed Plaintiff that it intended to remove the action to the United States District Court for the Northern District based upon a federal contractor defense. On June 5, 2018, "[f]earing that it [NASSCO] might remove the entire case to federal district court under 28 U.S.C. §1442(a)(1)," (Motion at p.2:11-12), the provision permitting removal based upon the existence of colorable federal defenses or officials, Plaintiff voluntarily dismissed NASSCO.

<u>Removal of the State Court Action</u>

On June 22, 2018, one of the defendants, Fryer-Knowles, Inc., removed the state court action to the Northern District of California pursuant to 28 U.S.C. §1442(a)(1). On July 17, 2018, Fryer-Knowles, Inc. filed a motion for a convenience transfer to this court. In response, on July 20, 2018, Plaintiff filed two motions: (1) a motion to amend to remove the basis for federal subject matter jurisdiction, and (2) a motion to remand to state court. Both motions remain pending.

**DISCUSSION**

Fed.R.Civ.P. 41(a)(2) permits a plaintiff to voluntarily dismiss an action upon obtaining a court order to do so. The voluntary dismissal shall be "on terms the court considers proper." Fed.R.Civ.P. 41(a)(2). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." <u>Stevedoring Services of Am. v. Armilla Int'l B.V.</u>, 899 F.2d 919, 921 (9thy Cir. 1989).

In large part, NASSCO argues that Plaintiff is engaged in a futile and blatant

effort of forum shopping. Plaintiff acknowledges that he intends to amend the complaint in the Northern District of California action to eliminate federal subject matter jurisdiction, and then seek to remand the action to state court. NASSCO posits that all work it performed on vessels of the United States gives rise to colorable federal defenses under government contractor immunity, thereby giving rise to federal subject matter jurisdiction under 28 U.S.C. §1442(a)(1).

While NASSCO identifies Plaintiff's forum shopping activities, it fails to identify any cognizable prejudice should Plaintiff's motion be granted. As Plaintiff is master of his own complaint, and NASSCO fails to identify cognizable prejudice, the court grants the motion to voluntarily dismiss this action without prejudice.

In sum, the motion to voluntarily dismiss this action under Fed.R.Ci9v.P. 41(a)(2) is granted.

**IT IS SO ORDERED.**

DATED: August 29, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties